## CHARLES GOTTSCHALK

*v.*

## LOVE HUGHES.

NEW TRIAL—*newly discovered evidence.* Where there is evidence sufficient to sustain the verdict, and a new trial is asked for on the ground of newly discovered evidence, which is only cumulative, and this court can not see, upon the whole record, that justice has not been done, the judgment below will not be disturbed.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. COLUMBUS GOTTSCHALK, and Mr. M. D. BROWN, for the appellant.

Messrs. HOLDEN & MOORE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Cook circuit court, by Love Hughes, plaintiff, against Charles Gottschalk and Simon Koch, defendants, to recover for plaintiff's services as a malster of barley for the defendants. The action was dismissed as to Koch, and the defendant Gottschalk pleaded the general issue with notice of set-off, on which the parties went to trial by a jury, who found for the plaintiff, assessing the damages at two hundred and thirty-two dollars and forty cents.

The defendant entered his motion for a new trial, for the reason the verdict was against the law and the evidence, and for newly discovered evidence since the trial, setting out the same. The motion was denied, and judgment entered on the verdict, to reverse which defendant appeals.

The set-off claimed by appellant was a claim for damages in making the malt, he alleging there was a contract that the plaintiff should make good malt out of the barley, but, instead thereof, he made bad malt, and in an unskillful manner, and overheated the same, whereby the malt was scorched and burned, and rendered worthless.

The proof is, appellee agreed to malt the barley for twenty cents per bushel, and to make as good malt as could be made from the barley appellant furnished.

There was great contrariety of testimony on the last point. The contract was made in May, and it was in evidence malt could not be as well made at that season as in colder weather. Appellant watched the operations as they were going on, and, on one occasion, thought appellee was browning it too much, and appellee said he would make it of a lighter color, if desired. There is evidence the malt was as good, made at that season of the year, as could be made of No. 3 barley, the quality furnished.

There is evidence sufficient to sustain the verdict, on all the points made. There is no such preponderance, either way, as requires this court to interfere.

The newly discovered evidence amounts to nothing more than cumulation. It is by no means decisive. We can not see justice has not been done by the verdict, and see no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*